# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 19, 2023

```
* * * * * * * * * * * * * *   *
PATRICIA EDWARDS,             *     UNPUBLISHED
                              *
            Petitioner,       *     No. 20-612V
                              *
v.                            *     Special Master Dorsey
                              *
SECRETARY OF HEALTH           *     Decision Based on Stipulation; Tetanus-
AND HUMAN SERVICES,           *     Diphtheria-Acellular Pertussis ("Tdap")
                              *     Vaccine, Shoulder Injury Related to Vaccine
            Respondent.       *     Administration ("SIRVA").
                              *
* * * * * * * * * * * * * *   *
```

Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On May 15, 2020, Patricia Edwards ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a Table injury, and left axillary neuropathy as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on December 27, 2018.  Petition at Preamble (ECF No. 1).  On February 14, 2023, Petitioner filed an amended petition alleging the Tdap

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

vaccine caused-in-fact her left SIRVA and related shoulder injuries including supraspinatus tendinitis, rotator cuff tendinitis, and bursitis.  Amended Petition at Preamble (ECF No. 55).[3]

On April 19, 2023, the parties filed a stipulation recommending an award of compensation to Petitioner.  Stipulation (ECF No. 61).  Respondent denies that the Tdap vaccine in fact caused Petitioner's alleged shoulder injuries and residual effects, or any other injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**A lump sum of $80,000.00 in the form of a check payable to Petitioner, Patricia Edwards.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

<u>**s/Nora B. Dorsey**</u>
Nora B. Dorsey
Special Master

---

[3] Petitioner initially amended the petition on March 30, 2022, alleging only a SIRVA Table claim.  Amended Petition at Preamble (ECF No. 34).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

PATRICIA EDWARDS,

              Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 20-612V **(ECF)**
Special Master Dorsey

## **STIPULATION**

The parties hereby stipulate to the following matters:

1.       Patricia Edwards ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly sustained following petitioner's receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2.       Petitioner received the Tdap vaccine on December 27, 2018.

3.       The vaccine was administered within the United States.

4.       Petitioner alleges that she sustained shoulder injuries, including but not limited to supraspinatus tendinitis, rotator cuff tendinitis, and bursitis, which were caused-in-fact by her receipt of the Tdap vaccine. Petitioner further alleges that she experienced the residual effects of her injuries for more than six months.[1]

---

[1] Petitioner initially alleged a Shoulder Injury Related to Vaccine Administration ("SIRVA"), an

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6.      Respondent denies that the Tdap vaccine in fact caused petitioner's alleged shoulder injuries and residual effects, or any other injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $80,000.00 in the form of a check payable to petitioner, Patricia Edwards, which amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.      Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

---

injury on the Table, and axillary neuropathy, a non-Table injury.  However, on February 14, 2023, petitioner filed an amended petition that alleged only a cause-in-fact claim for shoulder injuries, effectively withdrawing her claims for a Table SIRVA and axillary neuropathy.

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396

et seq.), or by entities that provide health services on a pre-paid basis.

11.     Payment made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

12.     The parties and their attorneys further agree and stipulate that, except for any

award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money

provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as

contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the

conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in her

individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns,

does forever irrevocably and unconditionally release, acquit and discharge the Secretary of

Health and Human Services and the United States of America from any and all actions or causes

of action (including agreements, judgments, claims, damages, loss of services, expenses and all

demands of whatever kind or nature) that have been brought, could have been brought, or could

be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out

of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of,

petitioner resulting from, or alleged to have resulted from, the Tdap vaccine administered on

December 27, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or

about May 15, 2020, in the United States Court of Federal Claims as petition No. 20-612V.

14.    If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.    If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17.    This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that petitioner's alleged shoulder injuries and residual effects, or any other injury, were caused by the Tdap vaccine.

18.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/

4

**PETITIONER:**

_(signature)_

PATRICIA EDWARDS

**ATTORNEY OF RECORD FOR PETITIONER:**

_(signature)_

BRIDGET C. MCCULLOUGH
Muller Brazil
715 Twining Road, Suite 208
Dresher, PA 19025
(215) 885-1655
max@mullerbrazil.com

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

by  Henry P. Mcmillan -S3   Digitally signed by Henry P. Mcmillan -S3
Date: 2023.04.03 14:49:09 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_(signature)_

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

_(signature)_

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136
voris.johnson@usdoj.gov

Dated:  4/19/2023

5